Filed 9/1/22  P. v. Diep CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAMES DIEP,<br><br>    Defendant and Appellant. | G061180<br><br>(Super. Ct. No. 05ZF0092)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Cheri T. Pham.  Affirmed.  Request for judicial notice granted.

Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent James Diep on appeal. Counsel filed a brief that provided the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on his behalf.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When the appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), to assist the court with its independent review, counsel provided the court with information as to issues that might arguably support an appeal. Counsel raised the following issues: (1) whether Diep made a prima facie showing of eligibility for resentencing under Penal Code section 1170.95[1]; (2) whether Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2) (SB 775) amended section 1172.6; and (3) whether the trial court erroneously denied Diep's petition without appointing counsel and, if so, was it harmless.

We gave Diep 30 days to file written argument on his own behalf, and he did. In his supplemental brief, Diep argues reversal is required because the court failed to appoint counsel and disregarded the jury's findings of not true on the special circumstance allegations.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated. Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For purposes of clarity, we refer to the statute as section 1172.6 throughout the opinion.

Diep requests we take judicial notice of our own records in his prior appeals from the denial of his section 1172.6 petition, *People v. Diep*, case Nos. G058169 and G059988. We grant that request. (Evid. Code, § 459; Cal. Rules of Court, rule 8.252, subd. (a).) We again affirm the postjudgment order.

FACTS

A detailed recitation of the facts was provided in *People v. Diep* (June 5, 2009, G039379) [nonpub. opn.] (*Diep I*). An amended indictment charged Diep with murder (§ 187, subd. (a); count 1), willful, deliberate, and premeditated attempted murder (§§ 664, subd. (a), 187, subd. (a); count 2), and street terrorism (§ 186.22, subd. (a), count 3). As to count 1, the amended indictment alleged it was murder by drive-by shooting (§ 190.2, subd. (a)(21)), committed for a criminal street gang (§ 190.2, subd. (a)(22)), and Diep was a gang member who vicariously discharged a firearm causing death (§ 12022.53, subds. (d), (e)(1)). With respect to count 2, it alleged Diep was a gang member who vicariously discharged a firearm causing great bodily injury (§ 12022.53, subds. (d), (e)(1)). Finally, it alleged Diep committed counts 1 and 2 for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).

The jury convicted Diep of count 1, first degree murder, count 2, attempted murder, and count 3, street terrorism. As to count 1, the jury did not find true either of the special circumstances. With respect to count 2, the jury did not find true Diep committed attempted murder willfully, deliberately, and with premeditation. But the jury did find it true Diep was a gang member who vicariously discharged a firearm causing great bodily injury and he committed the attempted murder for the benefit of a criminal street gang. The jury did find it true Diep was a gang member who vicariously discharged a firearm causing death and he committed the first degree murder for the benefit of a criminal street gang.

3

There was no evidence Diep fired the shotgun and the prosecutor proceeded strictly on the theory of aiding and abetting. The trial court did not instruct the jury on vicarious liability under the felony murder rule or the natural and probable consequences doctrine. "The sole issue was whether Diep acted with the requisite intent—whether he aided and abetted the commission of the crimes or whether he feared for his own life and was pressured into being the 'wheelman.'

"The trial court instructed the jury on aiding and abetting principles. The court instructed the jury with CALCRIM No. 400, 'Aiding and Abetting: General Principles,' as follows: 'A person may be guilty of a crime in two ways. One, he may have directly committed the crime. Two, he may have aided and abetted someone else, who committed the crime. In these instructions, I will call the other person the "perpetrator." A person is equally guilty of the crime whether he committed it personally or aided and abetted the perpetrator who committed it.'

"The trial court also instructed the jury with CALCRIM No. 401, 'Aiding [a]nd Abetting: Intended Crimes,' as follows: 'To prove that the defendant is guilty of a crime based on aiding and abetting that crime, the People must prove that: [¶] 1. The perpetrator committed the crime; [¶] 2. The defendant knew that the perpetrator intended to commit the crime; [¶] 3. Before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime; [¶] AND [¶] 4. The defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime. [¶] Someone aids and abets a crime if he knows of the perpetrator's unlawful purpose and he specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime. [¶] If all of these requirements are proved, the defendant does not need to actually have been present when the crime was committed to be guilty as an aider and abettor. [¶] If you conclude that defendant was present at the scene of the crime or failed to prevent the crime, you may

4

consider that fact in determining whether the defendant was an aider and abettor. *However, the fact that a person is present at the scene of a crime or fails to prevent the crime does not, by itself, make him an aider and abettor.*' (Italics added.)

"[¶] . . . [¶]

"The trial court instructed the jury with CALCRIM No. 600, 'Attempted Murder,' on the general principles of attempted murder. The court also instructed the jury with CALCRIM No. 601[, as relevant here,] as follows: 'If you find the defendant guilty of attempted murder under count 2, you must then decide whether the People have proved the additional allegation that the attempted murder was done willfully, and with deliberation and premeditation. [¶] The *perpetrator* acted willfully if he intended to kill when he acted. The *perpetrator* deliberated if he carefully weighed the considerations for and against his choice and, knowing the consequences, decided to kill. The *perpetrator* premeditated if he decided to kill before acting. [¶] The attempted murder was done willfully and with deliberation and premeditation if either the defendant or the *perpetrator* or both of them acted with that state of mind. . . .' (Italics added.)" (*Diep I, supra,* G039379.)

Additionally, the trial court instructed the jury with a special instruction as follows: "'You may, however, consider evidence of duress for the purpose of determining whether the defendant acted with the requisite intent and/or mental state of the charged crimes, including murder, and the charged allegations. [¶] *The People must prove beyond a reasonable doubt that the [d]efendant had the requisite intent and/or mental state as to each charged offense and allegation.*' (Italics added.)" (*Diep I, supra,* G039379.)

In a different prior opinion in this case (*People v. Diep* (Aug. 11, 2021, G059988) [nonpub. opn.] (*Diep II*)), we concluded that because Diep was not convicted

5

of felony murder or murder under a natural and probable consequences theory, he was statutorily ineligible from seeking relief under section 1172.6.

On January 4, 2022, shortly after SB 775 went into effect, Diep filed a second petition to vacate his murder conviction and for resentencing pursuant to section 1172.6, which was denied and is the subject of this appeal. On January 12, 2022, without appointing counsel or holding a hearing, the trial court summarily denied the second petition. The minute order indicated the court had read and considered the second petition and found it identical to the petition Diep previously filed on January 17, 2019. That petition was heard and denied by the Honorable Andre Manssourian on March 4, 2021.

In denying that petition, the court found Diep was "statutorily ineligible for resentencing because [Diep's] felony murder conviction was not based on a natural and probable consequences theory, but on the theory of aiding and abetting." The court noted Judge Manssourian's ruling and findings were appealed and affirmed by this court on October 14, 2021. The court found Diep did not raise new facts or allege changes in the law in the filing of this second successive petition. The court denied the second petition on the grounds it did not set forth a prima facie case for relief under the statute.

On January 28, 2022, Diep filed a motion to reconsider the second petition, which the court denied on February 24, 2022. Diep filed a timely notice of appeal.

DISCUSSION

Diep argues the jury's finding of not true as to the murder by drive-by shooting and murder committed for a criminal street gang special circumstances allegations equates to a finding he was not a major participant in the crime and he did not act with reckless indifference to human life. Indeed, the jury found these special circumstances not true. But we disagree with Diep as to the inferences that should be drawn from the jury's findings. Neither finding addressed the extent to which Diep was a

6

participant in the crime, nor whether he acted with reckless indifference to human life. We decline to interpret the findings as Diep suggests.

Diep asserts SB 775 provided relief for defendants who were prosecuted based on imputed theories of malice, such as himself. Diep argues the prosecution was allowed in this case to convict him based on a theory of implied malice. We disagree.

At trial, Diep testified he was essentially an unwilling participant. He explained Nguyen got into Diep's car with a shotgun and told Diep to drive around. Diep testified he drove Nguyen around for about an hour and a half until there was a confrontation. Diep said Nguyen told him that he recognized someone in a passing car and to follow the car. Nguyen told Diep to make a U-turn and stop next to the car, which he did. Nguyen asked the men where they were from, and they said they did not want any trouble. Diep started to drive away, and Nguyen told him to go back. Diep made a second U-turn to go back. When Diep pulled up beside the car, "Nguyen told Diep to turn the car's lights off. Nguyen put the shotgun out the window, yelled 'F[uck] D.F.J.[,]' and shot at the guy's head." Diep testified he did as Nguyen instructed because he knew that if he refused, Nguyen would have killed him. Diep seems to suggest that as an unwilling participant, he would not have been a major participant or acted with reckless indifference to human life. He again relies on the not true findings on the alleged special circumstances.

Diep ignores the jury's findings. CALCRIM No. 400 advised the jury that a person could be convicted as an aider and abettor only if the perpetrator committed the crime, the defendant knew the perpetrator intended to commit the crime, the defendant intended to aid and abet the perpetrator in committing the crime, and the defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime. The jury was further advised someone who aids and abets a crime if he knows of the perpetrator's unlawful purpose and he specifically intends to, and does in fact, aid,

7

facilitate, promote, encourage, or instigate the perpetrator's commission of the crime. Because there was no dispute Diep was not the one who fired the shotgun, he necessarily was convicted of murder (count 1) and attempted murder (count 2) on a direct aiding and abetting theory.

The trial court instructed the jury the prosecution must prove beyond a reasonable doubt Diep had the requisite intent and/or mental state as to each charged offense and allegation. In convicting him, the jury would have had to have found Diep directly aided and abetted Nguyen in committing the crimes. The jury did not convict Diep on a theory of imputed malice. Implicit in the jury's verdict is a finding Diep acted with malice. Diep's claim he was acting under duress is of no help to him, because that claim was rejected by the jury when they found Diep guilty of both murder and attempted murder.

As we said in *Diep I*, "The evidence was overwhelming Diep knew what was going to happen that night. At trial, Diep admitted that after the meeting at the garage, they drove around looking for rival gangs so they could retaliate." (*Diep I, supra,* G039379.) Diep also conceded he knew that if they found a rival gang member, Nguyen would use the shotgun. From the evidence produced at trial, "the jury could reasonably infer Nguyen's role was the shooter and Diep's role was the driver, and Nguyen trusted Diep in that role." (*Ibid.*)

The facts remain the same as they existed when we considered Diep's appeal of the denial of the first petition in *Diep II, supra,* G059988. SB 775 became effective January 1, 2022. This legislation expanded eligibility for relief pursuant to section 1172.6 to include individuals convicted of "attempted murder under the natural and probable consequences doctrine." (Legis. Counsel's Dig., Sen. Bill No. 775 (2021-2022 Reg. Sess.).) It did not expand eligibility for relief pursuant to section 1172.6 to

one who directly aids and abets another who commits murder or attempted murder. Accordingly, SB 775 provides no relief for Diep.

We have reviewed the record pursuant to *Wende, supra*, 25 Cal.3d 436, and *Anders, supra*, 386 U.S. 738, and considered the possible issues raised by appellate counsel. We found no arguable issues on appeal.

DISPOSITION

The postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


GOETHALS, J.

9